IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Alan Nottke (K96739), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25 C 50385 |
| v. ) | |
| ) | Hon. Iain D. Johnston |
| T. Weidman, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's renewed application for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $13.31 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to (1) send (electronically if possible) a copy of this order to the trust fund officer at Plaintiff's current place of incarceration and to the Court's Fiscal Department; (2) file Plaintiff's complaint [1]; (3) add Warden Andrea Tack to the docket as a nominal Defendant for the purposes of identifying the John Doe sergeant; and (4) send Plaintiff filing instructions and a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal without further warning. A separate order will be issued to initiate service of process on Defendants.

## STATEMENT

State prisoner Alan Nottke brings this *pro se* civil rights action, 42 U.S.C. § 1983, alleging that officers at Dixon Correctional Center delayed getting him medical treatment after he was attacked by another inmate on Nov. 9, 2023. Now before the Court is Plaintiff's renewed application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his renewed application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $13.31 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

The Court next considers Plaintiff's complaint. Because Plaintiff is seeking redress from employees or officials of a governmental entity, the Court must screen his complaint and dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A; *Jones v. Bock,* 549 U.S. 199, 213–14 (2007); *Shaw v. Kemper*, 52 F.4th 331, 333 (7th Cir. 2022). At screening, the Court uses the standard applied to motions to dismiss and will allow a claim to proceed "only to the extent that the prisoner has pleaded facts to demonstrate that he has a plausible claim for relief." *Schillinger v. Kiley*, 954 F.3d 990, 993–94 (7th Cir. 2020). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges the following. On Nov. 9, 2023, while assigned to Housing Unit 31 at Dixon Correctional Center, Plaintiff was "violently assaulted from behind" while using the bathroom, and knocked unconscious. (*See* Pl.'s Compl., Dkt. No. 1, at pg. 3.) This occurred during the 7 a.m. to 3 p.m. shift at the prison. (*Id.*)

When Plaintiff regained consciousness, he noticed that he had missing teeth and a visibly broken nose and fractured eye socket. (*Id.*) Plaintiff reported the incident to Officer T. Weidman, showed him his injuries, and requested medical treatment. (*Id.*) Officer Weidman told him that he needed to call a sergeant, but Plaintiff alleges that Officer Weidman deliberately failed to do so. (*Id.*) No sergeant came during the 7 a.m. to 3 p.m. shift, and Plaintiff was left "to suffer unnecessarily with serious injuries that required emergency medical treatment, for many hours." (*Id.*)

During the 3 p.m. to 11 p.m. shift, Plaintiff told Officer Warren that he needed medical treatment and showed him his injuries, including his missing teeth, broken nose, and fractured eye socket. (*Id.*) At that time, Officer Warren told him that he had to call a sergeant. (*Id.*) After waiting two hours, a sergeant arrived, and Plaintiff was taken to the Health Care Unit, and then to an outside hospital for emergency treatment. (*Id.*)

Plaintiff seeks to sue Officers Weidman and Warren, and a John Doe sergeant (apparently the one who eventually responded), apparently for deliberate indifference to his serious medical needs.

The Eighth Amendment protects prisoners from "a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (cleaned up). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* A medical deliberate indifference claim has two elements: (1) an objectively serious medical condition; and (2) an official's deliberate disregard of that condition. *Id.*

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Id.* at 753 (citing *McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir. 2010)). "[E]ven brief, unexplained

2

delays in treatment may constitute deliberate indifference." *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015); *see Lewis v. McLean*, 864 F.3d 556, 559, 563–64 (7th Cir. 2017) (failure to act for approximately one and a half hours while inmate complained of severe back pain that left him immobilized could constitute deliberate indifference).

The Court will therefore allow Plaintiff to proceed against Officers Weidman and Warren. In regard to the John Doe sergeant, the Court observes that in order to proceed against this officer Plaintiff must identify the sergeant in an amended complaint and serve him or her in accordance with Federal Rule of Civil Procedure 4. The Court names Dixon Correctional Center Warden Andrea Tack as a nominal Defendant for the purposes of identifying the sergeant. After Tack has been served and an attorney has entered an appearance on her behalf, Plaintiff may send interrogatories (written questions) to defense counsel to obtain information about the identity of the John Doe sergeant.

When that process is complete, Plaintiff must submit an amended complaint that names the sergeant and explains how he or she violated his rights. Any amended complaint must stand complete on its own and include all claims and Defendants. Plaintiff should do this as soon as possible in light of the two-year statute of limitations for § 1983 claims in Illinois and applicable tolling rules. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021); *Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

Plaintiff's motion for attorney representation, Dkt. No. 4, is denied without prejudice. Plaintiff made several unsuccessful attempts to obtain counsel on his own, and states that he has only a grammar-school education and relied on "inmate assistance" to prepare this complaint. At this early stage of the case, however, where Defendants have not responded to the complaint and the Court has not had the chance to assess Plaintiff's ability to litigate on his own, recruitment of counsel is premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (need for assistance of counsel ordinarily cannot be gauged until Defendants respond to complaint); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (same). The Court further observes that Plaintiff's claims of a several-hour delay in medical treatment, causing him untreated pain, are not particularly complex. Plaintiff should continue his efforts to obtain counsel on his own, and may renew his motion should the case proceed to a stage where the need for counsel is more pressing.

Date: October 6, 2025     By: _____
                              Iain D. Johnston
                              United States District Judge

3